FILED      LODGED
RECEIVED   COPY

JAN 1 0 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

United States District Court

District of Arizona

CV25-00076-PHX-ROS--MTM

| | |
|---|---|
| Kristopher D. Yarbary Sr ) | Case number _____ |
| -v- ) | |
| County of Maricopa, et al. ) | **Complaint** |

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1

## The Parties to This Complaint

2

3

The Plaintiff

4

5        Kristopher D. Yarbary Sr.
         7324 Skillman St, Apt 1413
         Dallas, TX 75231
6        214-831-8980
         KDYARBARY@GMAIL.COM

7

8    The Defendant(s)

9        Defendant 1
         County of Maricopa
10       301 West Jefferson St
         Phoenix, AZ 85003

11

         Defendant 2
12       Jerry Sheridan
         Maricopa County Sheriff
13       550 W Jackson Street
         Phoenix, AZ 85003

14

         Defendant 3
15       Mark Stewart
         Board Supervisor
16       301 W Jefferson
         10th Floor
17       Phoenix, AZ 85003

18       Defendant 4
         Thomas Galvin
19       Board Supervisor
         301 W Jefferson
20       10th Floor
         Phoenix, AZ 85003

21

         Defendant 5
22       Kate Brophy McGee
         Board Supervisor
23       301 W Jefferson
         10th Floor
24       Phoenix, AZ 85003

25       Defendant 6
         Debbie Lesko
26       Board Supervisor
         301 W Jefferson
27       10th Floor
         Phoenix, AZ 85003

28

Defendant 7
Steve Gallardo
Board Supervisor
301 W Jefferson
10th Floor
Phoenix, AZ 85003

Defendant 8
John Doe, Inmate Classification Division Commander
550 West Jackson,
Phoenix Arizona 85003

Defendant 9
John Doe, Information Classification Specialist
550 West Jackson,
Phoenix Arizona 85003

Defendant 10
John Doe(s), Detention Command Staff
550 West Jackson,
Phoenix Arizona 85003

Defendant 11
John Doe(s), Office personnel
550 West Jackson,
Phoenix Arizona 85003

### Basis for Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. §
1331, as this action arises under 42 U.S.C. § 1983 and the
Constitution of the United States.

### Immunity to action

Defendants are not entitled to assert the defense of qualified
immunity or any other form of immunity, as their actions, as alleged
herein, violated established constitutional rights, and they are thus
liable for the damages and injuries suffered by the plaintiff.

### Statement of Claim(s)

Facts –

A. Kristopher D. Yarbary Sr is a natural-born citizen of the United
   States, and afforded Constitutional protections of the
   Constitution of the United States.

B. Maricopa County under A.R.S § 11-201(A)(1) enacts the powers and
   expresses that such powers be exercised by the board of
   supervisors, agents, and/or officers.

C. With such power, Maricopa County has the power to be sued.

D. Maricopa County Board Supervisors under A.R.S § 11-251(14) provides the Board with authority to direct and control the defense of all actions to which the county is a party.

E. Under A.R.S § 11-201(A)(1) the enumeration of the Sheriff is authorized under law.

F. Under A.R.S § 11-441(5) the Sheriff takes charge of and keeps the jail, known to be Maricopa County Jail.

G. Under A.R.S. § 38-231, dictates all officers and employees; elected to; appointed to and/or employed by the county, known to be Maricopa County, submit to an Oath to support the United States Constitution, the Arizona Constitution and the laws of the State of Arizona.

H. Maricopa County Sheriff's Office operates a policy under the subject of "IDENTIFICATION" policy DO-3.

I. The purpose of the DO-3 policy is to establish guidelines and procedures for completing the inmate identification process.

J. The DO-3 Policy is to conform the Department to Arizona Revised Statutes, otherwise the law of Arizona.

K. The DO-3 policy dictates the department to utilize trained identification personnel to determine and accurately identify persons booked into any Maricopa County Jail facility within 10 days of arrest.

L. On May 28, 2023, the plaintiff was arrested and charged with Domestic Violence and Child Abuse and was transported to the Maricopa County Jail. While in custody of the Maricopa County Sheriff and per Policy DO-3, the plaintiff was fingerprinted and photographed or otherwise "Identified".

M. On May 28, 2023 the Maricopa County Sheriff and his department, knew the plaintiff, Kristopher Yarbary Sr was in its custody, and not Relph G. Mabone.

N. Maricopa County Sheriff's Office operates a policy under the subject of "INMATE CLASSIFICATION AND FILES" policy DF-1. The purpose of DF-1 policy is to establish criminal history, input in SHIELD, known as "Sheriff's Information Electronic Database", so that information may be utilized by authorized personnel. In such guidelines and procedures, under section "#3. Initial assessment" a search of the inmate's prior booking and criminal history records takes place.

O. Under section 8 of the DF-1 policy identified as "Classification
   File Content", dictates information that is to be included in the
   file, such to be Intelligence from other law enforcement agencies.

P. Access to this Classification File, per policy is given to: The
   Sheriff, Detention Command Staff (identified as John Doe(s)),
   employee(s) of the Sheriff), and Office personnel (identified as
   John Doe(s) authorized by the Inmate Classification Division
   Commander (Identified as John Doe, Inmate Classification Division
   Commander)

Q. On or around May 31, 2024, before the "Initial Appearance"
   proceeding, the Inmate Classification Specialist and/or The
   Sheriff, and/or the Detention Command Staff and/or Inmate
   Classification Division Commander and/or Office personnel, per the
   DF-1 policy, entered convicted felon history of Ralph G. Mabone
   and not of Kristopher D. Yarbary Sr.

R. At approximately 2:00 am on June 1, 2023, Commissioner Lacey
   Fisher issued a bond for $25,000 to the plaintiff, relying on
   information about 5 felony convictions from the State of Michigan,
   such information as provided by the Inmate Classification
   Specialist and/or The Sheriff, Detention Command Staff and/or
   Inmate Classification Division Commander and/or Office personnel,
   per the DF-1 policy, in the name of Ralph G. Mabone.

S. While in attendance of the Initial Appearance, the plaintiff stated on the record, "I have never been convicted of a felony."

T. At approximately 2:00 am on June 1, 2023, Commissioner Lacey Fisher issued to the plaintiff a bond restriction that restricted the plaintiff from leaving the State of Arizona, on the basis of the plaintiff was a 5 time convicted felon, facing extensive prison time, based on information received from the Inmate Classification Specialist and/or The Sheriff, Detention Command Staff and/or Inmate Classification Division Commander and/or Office personnel, per the DF-1 policy, in the name of Ralph G. Mabone.

U. The State of Michigan record of charges ( Exhibit 1 )clearly indicates Ralph G Mabone, under the following five

Criminal Tracking number(s):

829662169902 _ Felony Controlled Substance

820220358901 _ Felony Stolen Property

820660845201 _ Felony Stolen Vehicle

821S71448701 _ Felony Stolen Vehicle

8217703E8801 _ Felony Controlled Substance

V. The 5th amendment to the United States Constitution provides that No person shall... be deprived of life, liberty, or property, without due process of law.... The 5th amendment protection applies to procedural due process, and ensures individuals receives a fair decision-making process before being deprived of life, liberty, or property.

W. The 5th amendment to the United States Constitution provides that No person shall... be deprived of life, liberty, or property, without due process of law.... The 5th amendment protection applies to substantive due process, and protects individuals from arbitrary government action and receives a fair decision-making process before being deprived of life, liberty, or property.

X. The Plaintiff was released from custody on June 3, 2023, subject to a $25,000 bond, which was based on the consideration of five out-of-state felony convictions. The bond conditions were imposed without consideration of the right to be heard, as the plaintiff said in an open proceeding "I have never been convicted of a felony". As a result, the plaintiff was unable to work, was unable to pay rent, and was unable to afford possessions. The plaintiff experienced a significant impact on daily life and financial stability due to the implementation of the county's policy, and its allowance to be provided information from the Inmate Classification Specialist and/or The Sheriff, Detention Command

Staff and/or Inmate Classification Division Commander and/or

Office personnel, in the name of Ralph G. Mabone.


Y. On September 25, 2023, Attorney William M. Atkins filed a motion

to modify release conditions.


Z. On October 3, 2023 the court granted the motion to modify release

conditions, releasing the Plaintiff from the restriction of not

leaving the State of Arizona.


AA. Under A.R.S. § 11-251(1), the Board of Supervisors ( Defendants

4-8) are empowered to supervise the official conduct of the

Sheriff, in such supervision see that the Sheriff faithfully

perform his duties.


BB. According to A.R.S. § 11-441 states that the Maricopa County

Sheriff is responsible for 'keeping the Maricopa County jail.


CC. According to A.R.S. § 11-251(1), the Board of Supervisors has a

statutory duty to oversee the official conduct of the Sheriff,

including his role in implementing and managing the DF-1 policy.


DD. As of January 1, 2025, the Board of Supervisors has not taken any

publicly documented actions to oversee the sheriff's execution of

the DF-1 policy regarding the provision of criminal history

information for Ralph G. Mabone in the plaintiff's criminal
proceeding.

EE. As of January 1, 2025, there is no publicly available evidence
that the Maricopa County Sheriff has taken any action to modify
its execution of the DF-1 policy regarding the plaintiff.

FF. As of January 1, 2025, the plaintiff still experiences harm from
the action(s) and/or inaction of the Maricopa County Board
Supervisors, as the Maricopa County Board Supervisors have not
taken any action to modify and/or rectify its execution of the DF-
1 policy regarding the plaintiff.

GG. As of January 1, 2025, the plaintiff still experiences harm from
the action(s) and/or inaction of the Maricopa County Sheriff, as
the Sheriff has not taken any action to modify its execution of
the DF-1 policy regarding the plaintiff.

HH. Maricopa County policy DO-3, in its plain language, and its
mandate of policy to accurately identify persons held in custody
require accurate identification of individuals in custody.

II. Under the DF-1 policy, in its plain language, bears no mandate of
policy to accurately identify a person's criminal history held in
custody as required by its relative policy.

JJ. Since the events in question, and for lack of resolution om
   behalf of defendant(s), the plaintiff has suffered harm and
   continues to experience adverse consequences. Despite the
   policy(s) intended purpose, its application has resulted in
   ongoing harm to the plaintiff. The plaintiff seeks redress for
   these consequences.

Claim(s):

### CLAIM 1

The plaintiff brings claim(s) against the Maricopa County and its
Supervisors specifically for:

- failing to supervise the Sheriff, under the color of direction
of law, to ensure the Sheriff discharged his duties under oath of the
United States Constitution, by direction(s) of policy, and allow his
department and organization to arbitrarily misrepresent, arbitrarily
misidentify and/or utilize another person's criminal history.

- continuing to allow the Sheriff, under the color of law, under
oath of the United States Constitution, to have a policy in place,
that allows for its identified personnel to have access and ability to
misidentify, in regards to policy DF-1.

And through the DO-3 and DF-1 policies, and its encouragement to accurately identify persons held in custody, the Defendant:

- knowingly allowed its officers, agents, and/or employees, while under oath of the United States Constitution to have an access to create a deprivation of the 5th amendment, by granting the ability to incorporate misidentification, and/or use Ralph G. Mabone's criminal history in comparison to the person identified as Kristopher D Yarbary Sr.

Through the actions taken thus far, and the harm it has created and caused, the Defendant is:

- failing to train its officers, agents, and/or employees in accordance with policies and procedures, to ensure accurate identification, in avoidance of, and creation of a violation to the plaintiff's constitutional rights.

Through such failure and by continuing to allow access and ability, beyond infliction of harm to the plaintiff, and making no changes in its policy to and/or rectifying its ability to violate an individual's Constitutional protected rights, the Defendant continues to harm the plaintiff.

All of which construes the Defendant's action(s) or inaction(s) caused and/or causes the plaintiff to suffer harm and by essentially

paving a way to deny procedural due process rights of the 5th
amendment, in the criminal proceeding CR2023-123619,  by presenting
inaccurate information to Court, and the Court's reliance on the false
information, and its confidence in the defendant to be correct as a
matter of law, and having no reason to believe the defendant is wrong
in acting, caused the Plaintiff to be procedurally harmed, by not
being heard on the issue, and deprived of liberties in result of.


    In addition, the Defendant's action(s) or inaction(s) caused
and/or causes the plaintiff to suffer harm and by essentially  paving
a way to deny substantive due process rights of the 5th amendment, in
the criminal proceeding CR2023-123619,  by presenting inaccurate
information to Court, and the Court's reliance on the false
information, and its confidence in the defendant to be correct as a
matter of law, and having no reason to believe the defendant is wrong
in acting, caused the Plaintiff to experience unreasonable & excessive
bail and unreasonable restrictions, on a first time offence.


    All unreasonableness founded on utilizing another person's
criminal history, and such criminal history being implicated on a
person that bears no criminal or minimum criminal effect.


        <u>CLAIM 2</u>


    The plaintiff brings claim(s) against the Maricopa County Sheriff
specifically for:

- failing to supervise and manage, his department, under the color of law, to ensure the constituents to the policy(s) discharged their duties under oath of the United States Constitution, by direction(s) of policy(s), and not allowing its department and/or its operatives to arbitrarily misrepresent, arbitrarily misidentify and/or utilize another person's criminal history.

- continuing to allow, under the color of and in direction of law, under oath of the United States Constitution, and have a policy in place, that allows for its constituents to have the access and ability to misidentify, in regards to policy DF-1.

And through the DO-3 and DF-1 policies, and its encouragement to accurately identify persons held in custody, the Defendant is:

- knowingly allowing its department, and its agents, and/or employees, while under oath of the United States Constitution to have access to create a deprivation of the 5th amendment, by granting the ability to incorporate misidentification, and/or use Ralph G. Mabone's criminal history in comparison to the person identified as Kristopher D Yarbary Sr.

Through the actions taken thus far, and the harm it has created and caused, the Defendant is:

- failing to train its operatives in accordance with policies and procedures, to ensure accurate identification, in avoidance of, and creation of a violation to the plaintiff's constitutional rights.

Through such failure and by continuing to allow access and ability, beyond infliction of harm to the plaintiff, and making no changes in its policy to and/or rectifying its ability to violate an individual's Constitutional protected rights, the Defendant continues to harm the plaintiff by continuing to allow access and ability, beyond infliction of harm to the plaintiff, and making no changes in its policy to and its ability to violate an individual's Constitutional protected right, the Defendant continues to harm the plaintiff.

All of which construes the Defendant's action(s) or inaction(s) caused and/or causes the plaintiff to suffer harm and by essentially paving a way to deny procedural due process rights of the 5th amendment, in the criminal proceeding CR2023-123619, by presenting inaccurate information to Court, and the Court's reliance on the false information, and its confidence in the defendant to be correct as a matter of law, and having no reason to believe the defendant is wrong in acting, caused the Plaintiff to be procedurally harmed, by not being heard on the issue, and deprived of liberties in result of.

In addition, the Defendant's action(s) or inaction(s) caused and/or causes the plaintiff to suffer harm and by essentially paving

a way to deny substantive due process rights of the 5th amendment, in the criminal proceeding CR2023-123619,  by presenting inaccurate information to Court, and the Court's reliance on the false information, and its confidence in the defendant to be correct as a matter of law, and having no reason to believe the defendant is wrong in acting, caused the Plaintiff to experience unreasonable & excessive bail and unreasonable restrictions, on a first time offence.

All unreasonableness founded on utilizing another person's criminal history, and such criminal history being implicated on a person that bears no criminal or minimum criminal effect.

**Claim 3**

The plaintiff brings claim(s) against the remaining unnamed defendants (John Doe(s)) specifically for:

- knowingly act in accordance with DF-1 policy, while under oath of the United States Constitution, and access the SHIELD system to create a deprivation of the 5th amendment, by giving an misidentification.

- by failing to adhere to policies and procedures, to ensure accurate identification, in avoidance of, and creating a violation(s) to the plaintiff's constitutional rights.

All of which construes the Defendant's action(s) or inaction(s) caused and/or causes the plaintiff to suffer harm and by essentially paving a way to deny procedural due process rights of the 5th amendment, in the criminal proceeding CR2023-123619, by presenting inaccurate information to Court, and the Court's reliance on the false information, and its confidence in the defendant to be correct as a matter of law, and having no reason to believe the defendant is wrong in acting, caused the Plaintiff to be procedurally harmed, by not being heard on the issue, and deprived of liberties in result of.

In addition, the Defendant's action(s) or inaction(s) caused and/or causes the plaintiff to suffer harm and by essentially paving a way to deny substantive due process rights of the 5th amendment, in the criminal proceeding CR2023-123619, by presenting inaccurate information to Court, and the Court's reliance on the false information, and its confidence in the defendant to be correct as a matter of law, and having no reason to believe the defendant is wrong in acting, caused the Plaintiff to experience unreasonable & excessive bail and unreasonable restrictions, on a first time offence.

All unreasonableness founded on utilizing another person's criminal history, and such criminal history being implicated on a person that bears no criminal or minimum criminal effect.

<u>Prayer for Relief</u>

    Wherefore and as presented to the court in this complaint, the defendants in their actions taken under color of law and in regards to the complained acts; the plaintiff has suffered harm that no persons under the protections of the Constitution of any state or the United States as a whole should ever experience, requests the following relief, through Claim 1 - 3, in the cumulative creation of Constitutional violation of clear and established nature.

    Declaratory relief that is explicit to identify the actions of the defendants - to state with specific grounds, and as plead in this complaint to be true and explicatively denotative to the rights of the plaintiff.

    Compensatory relief in the equation of $10,000,000.00, in regards to actual losses of income, loss of solitude of peace, injury to the mind, harm to the life, liberty, and property created by the deprivation of clear and established rights in regards to the complained acts of the defendants.

    Whereas and in a total sum of $10,000,000.00 is sought to relieve claims, and restore stability of life, liberty, and property as deprived by the Defendants' actions whereas the Constitution guarantees no such actions shall take place. Whereas in addition to the Compensatory relief, the plaintiff requests punitive relief to

ensure that no such actions shall take place without regard to such
action(s) being explicit to cost and remind that such action is
valuable, in a additional sum amount of $5,000,000.00.

## Verification

Under Federal Rule of Civil Procedure 11, by signing below, I
certify to the best of my knowledge, information, and belief that this
complaint:

(1) is not being presented for an improper purpose, such as to
harass, cause unnecessary delay, or needlessly increase the cost of
litigation;

(2) is supported by existing law or by a nonfrivolous argument
for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support after
a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of
Rule 11.

I agree to provide the Clerk's Office with any changes to my
address where case-related papers may be served. I understand that my

failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Date: 1/10/2025

*Kristopher D. Yarbary Sr*

Kristopher D. Yarbary Sr.
7324 Skillman St, Apt 1413
Dallas, TX 75231
214-831-8980
KDYARBARY@GMAIL.COM
Plaintiff